**SILVER STATE FAIR HOUSING COUNCIL, INC., Plaintiff,**

v.

**ERGS, INC., et al., Defendants.**

Nos. CV–N–02–0615–DWH(VPC), CV–N–04–0237–HDM(RAM).

United States District Court, D. Nevada.

March 23, 2005.

& Associates, Greg Addington—USA GA, U.S. Attorney's Office, Reno, NV, Keisha D. Bell, U.S. DOJ—Housing & Civil Enforcement Section, Myron S. Lehtman, U.S. DOJ—Civil Rights Division, Housing & Civil Enforcement Section, Steven H. Rosenbaum, U.S. DOJ—Housing & Civil Enforcement Section, Washington, DC, for Silver State Fair Housing Council, Inc., United States of America, Plaintiffs.

Richard S. Oliphant, Lane, Fahrendorf, Viloria & Oliphant, LLP, Reno, NV, for CFA, Inc., Defendant.

Matthew B. Hippler, Hale Lane Peek, Dennison & Howard, Jeremy J. Nork, Hale Lane Peek, Dennison & Howard, Reno, NV, for Defendant.

Brian M. McMahon, Hamilton & McMahon, Reno, NV, for Gribbin, Thomas, Third Party Defendant.

Louis S. Test, Hoffman, Test, Guinan & Collier, Reno, NV, for McCamant, John, Defendant.

## ORDER

HAGEN, District Judge.

Before the court is defendant ERGS, Inc.'s Motion for Summary Judgment (# 96). Plaintiff has opposed (# 99) and filed a "Separate Statement of Material Facts" (# 100) in support of its opposition. Defendant ERGS has replied (# 107). After reviewing the record and the relevant law, defendant's motion (# 96) is denied.

### I. *Factual and Procedural Background*

As the parties are now intimately familiar with the facts and procedural history, rather than restate them at length, the court incorporates by reference the Factual Background from its order of March 8, 2004(# 72). Any further applicable facts will be recited where necessary. This

Christopher Brancart, Brancart, Brancart Law Firm, Elizabeth Brancart, Brancart, Brancart Law Firm, Michael R. Evans, Brancart, Brancart Law Firm, Pescadero, CA, Ian E. Silverberg, Hardy

court found that plaintiff's claims are governed by the Fair Housing Act ("FHA"), which provides that a plaintiff must file suit within two years after "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A); *see also* (# 72). In the March 8, 2004 order, plaintiff's claims against defendant Sierra Sage Apartments, L.L.C. were dismissed after the court found that statute of limitations had run. *See* (# 72). Upon plaintiff's further motion, the court issued a clarification of the March 8, 2004 order on June 9, 2004(# 89). Defendant now seeks dismissal of the claims stemming from its development of the Sierra Sage apartments ("SSA claims"), urging that the analysis in the court's March 8, 2004 order applies equally to those claims and mandates they be dismissed as untimely.

## II. *Analysis*

### A. Summary Judgment

Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). The burden of demonstrating the absence of a genuine issue of material fact lies with the moving party, and for this purpose, the material lodged by the moving party must be viewed in the light most favorable to the nonmoving party. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157, 90 S.Ct. 1598, 26 L.Ed.2d 142 (1970); *Martinez v. City of Los Angeles*, 141 F.3d 1373, 1378 (9th Cir. 1998). A material issue of fact is one that affects the outcome of the litigation and requires a trial to resolve the differing versions of the truth. *Lynn v. Sheet Metal Workers' Int'l Ass'n*, 804 F.2d 1472, 1483 (9th Cir.1986); *S.E.C. v. Seaboard Corp.*, 677 F.2d 1301, 1306 (9th Cir.1982).

Once the moving party presents evidence that would call for judgment as a matter of law at trial if left uncontroverted, the respondent must show by specific facts the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

### B. Defendant ERGs and the Statute of Limitations

As this court has made clear, the March 8, 2004 ruling applied only to defendant Sierra Sage Apartments, L.L.C. The last alleged discriminatory 'act' at the Sierra Sage development took place nearly five years prior to plaintiff's suit. Because Sierra Sage Apartments L.L.C. was an independent entity which took no part in the Silver Lake development, the alleged discriminatory acts at the Silver Lake development could not be linked to those at the Sierra Sage apartments to demonstrate a 'practice' that could bootstrap Sierra Sage Apartments L.L.C. past the two-year statute of limitations and into the present litigation. Although Sierra Sage, L.L.C. is a wholly-owned subsidiary of defendant ERGS, plaintiff made no showing that would permit the court to pierce the corporate veil between the two and thus no justification existed for keeping Sierra Sage L.L.C. in the action. Defendant ERGS, however, was the developer of the Sierra Sage and Silver Lake apartment complexes and the court therefore reaches a different result on the SSA claims against it.

Plaintiff has alleged that the Sierra Sage and Silver Lake apartment developments were developed by defendant in a fashion that violates the provisions of the Fair Housing Act ("FHA") which mandate certain standards in design and construction to ensure accessibility for disabled persons. The record reflects that the comple-

tion of the Sierra Sage development and the beginning of the Silver Lake development were seamless in time. In addition, these were the only properties developed by defendant during the relevant time frame. Plaintiff alleges that each complex had the same or similar alleged FHA violations. Plaintiff filed suit while the Silver Lake development was under construction and alleges that the FHA violations were being committed at that time. Plaintiff filed suit approximately one year and one month after becoming aware of the alleged violations. (# 100, ¶¶ 24—28). Defendant does not contest its involvement with the two developments, but rather contends that the two developments do not violate the FHA. However, defendant has moved for summary judgment based only on the applicable statute of limitations, and makes no attempt in its motion to rebut the alleged FHA violations.

### The Continuing Violation Doctrine

■ The Fair Housing Act provides that a plaintiff must file suit within two years after "the occurrence or the termination of an alleged discriminatory housing practice." 42 U.S.C. § 3613(a)(1)(A). Statutes of limitation "are intended to keep stale claims out of the courts." *Havens Realty Corp. v. Coleman,* 455 U.S. 363, 380, 102 S.Ct. 1114, 71 L.Ed.2d 214 (1982). However, in *Havens,* the Supreme Court found that "a "continuing violation" of the Fair Housing Act should be treated differently from one discrete act of discrimination … [w]here the challenged violation is a continuing one, the staleness concern disappears." *Id.* The Supreme Court found that Congress had "broad remedial intent" when it crafted the FHA and that where a plaintiff "challenges not just one incident of conduct violative of the Act, but an unlawful practice that continues into the limitation period, the complaint is timely when it is filed within [two years] of the last asserted occurrence of that practice." *Id.* at 380–381, 102 S.Ct. 1114.

■ "Under the continuing violation doctrine, a plaintiff's complaint will not be time-barred if the defendant's related wrongful acts continue into the statute of limitations time frame. As a consequence, the statute of limitations only begins to run … upon the last act in a series of related wrongful acts." *Moseke v. Miller and Smith, Inc.,* 202 F.Supp.2d 492, 500 n. 10 (E.D. Va.2002). In its March 8, 2004 order, this court found that the continuing violation doctrine applied to FHA construction cases and was wholly consistent with the plain language of 42 U.S.C. § 3613(a)(1)(A). (# 72). As stated in the March 8, 2004 order, the legislative history of the FHA, referring to the similar language in § 3610(a)(1)(A)(I), strengthens this conclusion in that it reveals the word "termination" was intended to "reaffirm the concept of continuing violations, under which the statute of limitations is measured from the last occurrence of the unlawful practice." H.R.Rep. No. 711, 100th Cong., 2d Sess. 22 (1988), reprinted in 1988 U.S.C.C.A.N. 2173, 2194.

■ No cases directly address the issue present here, that is, whether the development of multiple FHA-violating apartment complexes constitutes a 'practice' that can ensnare discriminatory occurrences that took place outside of the two-year statute of limitations. However, given the plain language of § 3613(a)(1)(A), the Supreme Court's embracement in *Havens* of applying the continuing violation doctrine to FHA claims, and the "broad remedial intent of Congress embodied in the Act," *Havens,* 455 U.S. at 380, 102 S.Ct. 1114, the court finds that the design and con-

struction of multiple FHA-violating housing developments continuing into the limitations period can indeed constitute such a 'practice.'

Defendant ERGs points out that it no longer owns the Sierra Sage development and that it would seemingly be absurd for this court to hold ERGS liable under the FHA while letting the current owner off the hook. The court disagrees. The availability of punitive damages indicates that Congress intended violators of the FHA be punished. If Congress had wished to remove liability for construction-based discriminatory housing practices upon the sale or transfer of the offending property, it could have said so. To hold otherwise would render meaningless the continuing violation portion of the FHA's statute of limitation, for a defendant could evade FHA liability simply by offloading the property after completion.

The court notes the outer limits of the "continuing violation" doctrine in FHA construction claims have not been explored by the courts. The court agrees with the court in *Moseke*, that an "open-ended period of liability" would "read the statute of limitations right out of existence." 202 F.Supp.2d at 508. However, the court is not faced here with an unreasonable length of time. In this case, plaintiff brought suit just under five years after the Sierra Sage apartments were completed, under three years after the statute of limitations expired for single discriminatory acts and barely over one year after discovering the alleged violations. In keeping with the "broad remedial intent of congress," *Havens*, 455 U.S. at 380, 102 S.Ct. 1114, the court finds that whatever the limits of the "continuing violation" doctrine may be, this case does not reach it.[1]

Plaintiff has alleged that two apartment complexes developed by defendant ERGS violated the accessibility provisions of the FHA. Though the construction of these complexes took place over nearly a decade, the development of the Silver Lake complex followed seamlessly in time after the Sierra Sage apartments and featured the same alleged FHA violations which continued up until the very moment plaintiff filed suit. Therefore, the court finds that the statute of limitations has not run on plaintiff's SSA claims against defendant ERGS because a triable issue of fact exists as to the allegations that the SSA claims were part of a practice of FHA violations that continued into the limitations period.

### III.  *Conclusion*

Accordingly, **IT IS ORDERED** that defendant ERGS Inc.'s motion for summary judgment (# 96) is **DENIED.**

---

1. The laches doctrine is of no help here for the defendant—the plaintiff's delay was not of inexcusable length, nor has defendant ERGS shown it would be unduly prejudiced. *See Barona Group of the Capitan Grande Band of Mission Indians v. American Management & Amusement, Inc.*, 840 F.2d 1394, 1407 (9th Cir.1987), *cert. dismissed*, 487 U.S. 1247, 109 S.Ct. 7, 101 L.Ed.2d 958 (1988). Indeed, as the FHA requires no showing of intent, defendant's architectural plans and apartment complexes can themselves speak to the alleged construction violations.